UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH MAGUIRE,

                              Petitioner,

   v.                                                      9:09-CV-632
                                                           (GLS/ATB)

MICHAEL CORCORAN,
Superintendent, Cayuga
Correctional Facility,

                              Respondent.

---

KEITH MAGUIRE, Petitioner *pro se*
PAUL B. LYONS, ESQ.
Assistant Attorney General for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT AND RECOMMENDATION

This matter has been referred to me for Report and Recommendation

pursuant to 28 U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c).[1]

## I.    Introduction

Petitioner Keith Maguire brings this action for a writ of habeas corpus,

challenging the addition of three years of parole supervision to the sentence he

received after his third conviction.[2]  (Pet. ¶ 1).  He raises following grounds in

---

[1] The case was originally referred to the Honorable Gustave J. Di Bianco and was assigned to me upon Judge Di Bianco's retirement on January 4, 2010.

[2] Petitioner does not challenge any one of the three judgments of conviction.

support of the petition: (1) petitioner's due process rights were violated, and he was subjected to "double jeopardy" when the time remaining from his first sentence was added to his third sentence after petitioner had finished serving his second sentence; (2) New York State Division of Parole ("NYSDP") and New York State Department of Corrections ("DOCS") increased petitioner's third sentence without any authorization or direction of the sentencing court and contrary to all statutes; (3) Parole Manual Item #9212.10, MEPS[3] is invalid because it was not properly promulgated; and (4) the NYSDP has voided and disregarded all valid contractual agreements to unlawfully reclaim jurisdiction over petitioner for an expired and served sentence.  (Pet. ¶ 12).

Petitioner filed his pro se habeas corpus petition on June 2, 2009, together with a memorandum of law in support of his claims.  (Dkt. Nos. 1, 2).  Respondent has filed an answer, memorandum of law, and the pertinent state court records.  (Dkt. Nos. 12, 13, 14).  Petitioner filed a traverse on November 30, 2009.  (Dkt. No. 16).  For the following reasons, this court finds that the petition should be denied as moot.

**II.**   **Background**

A.    **Facts**

Petitioner was convicted in 1985 for Robbery in the First Degree (N.Y. PENAL LAW § 160.15) in Westchester County Supreme Court, Attempted Robbery

---

[3] Maximum Expiration for Parole Supervision.

in the First Degree (N.Y. PENAL LAW §§ 110.10, 160.15) in New York County Supreme Court, and Robbery in the First Degree (N.Y. PENAL LAW § 160.15) in Bronx County Supreme Court, for which he was sentenced to concurrent prison terms of 7 to 14 years, 4 to 8 years, and 6 to 12 years, respectively ("Sentence #1"). (Stmt. in Supp. of Pet. 2; Ans. ¶ 2).

While on parole for Sentence #1, petitioner was convicted as a second felony offender on May 28, 1992, for Robbery in the Third Degree (N.Y. PENAL LAW § 160.05) in Supreme Court, Bronx County, for which he was sentenced to a prison term of 2.5 to 5 years ("Sentence #2"). *Id.* When DOCS calculated the maximum expiration date of petitioner's sentence and parole supervision for Sentence #2, it erroneously failed to include the time remaining on Sentence #1, which, pursuant to N.Y. Penal Law section 70.25(2-a), would run consecutively to Sentence #2. (Resp.'s Mem. of Law 3). Petitioner was conditionally released in 1995, but returned to DOCS custody in 1996 for violating parole, and was again released on parole in 1996. (Stmt. in Supp. of Pet. 2; Ans. ¶ 2). Due to the error in calculation, petitioner received a "final discharge" in 1997 because the remaining time on Sentence #1 was not included. (Resp.'s Mem. of Law 3).

Petitioner was again convicted as a second felony offender on February 9, 2001, for Grand Larceny in the Third Degree (N.Y. PENAL LAW § 155.35) in Dutchess County Court, for which he was sentenced to a prison term of 3 to 6 years ("Sentence #3"). (Stmt. in Supp. of Pet. 2; Ans. ¶ 2). In 2001, DOCS

realized its computation error and recalculated petitioner's maximum expiration date of parole supervision to June 3, 2009.  (Resp.'s Mem. of Law 3).  When petitioner was released to parole supervision on August 4, 2003, the Certificate of Release erroneously indicated that Sentence #2 was to expire on August 5, 2006. (Resp. Ex. W, Pet. Ex. C).

Petitioner "was informed" of the recalculated date (June 3, 2009) for his parole supervision "sometime during the Spring of 2006," and his parole officer was inquiring about the change when petitioner was detained at the Ulster County Jail on August 11, 2006, "for an arrest which was not prosecuted."  (Stmt. in Supp. of Pet. 7–8).  Petitioner's Sentence # 3 parole was then revoked for a technical violation that occurred in late July 2006.  *Id.*  Petitioner was detained at the Ulster County Jail and transferred into DOCS custody on July 12, 2007.  *Id.*  Petitioner filed this petition on June 2, 2009 (the day before his maximum expiration date), and by June 30, 2009, had been released from custody and was no longer subject to parole supervision.  (Dkt. No. 1, Resp. Mem. of Law 13).

### B.   State Court Proceedings

Petitioner challenged the recalculation of his maximum expiration date in an Article 78 proceeding filed in Albany County Supreme Court dated March 26, 2002.[4]  (Resp. Ex. Q).  In a decision and order dated June 26, 2002, petitioner's

---

[4] Interestingly, petitioner alleges in his petition that he "was informed" about the change by his parole officer in 2006 as if this were the first time that he was being told about the extra three years. (Dkt. No. 1 at 7–8).  It is clear, however, that he knew about the allegedly erroneous

claim was dismissed as meritless.  (Resp. Ex. R).  Petitioner appealed to the

Appellate Division, Third Department, which affirmed the decision of the

Supreme Court on April 17, 2003.  (Resp. Ex. S).  The Appellate Division, Third

Department denied petitioner's motion for argument and/or permission to appeal

to the Court of Appeals on July 11, 2003.  (Resp. Ex. T).

After returning to DOCS custody in July 2007, petitioner filed a state

habeas corpus proceeding on September 20, 2007, again challenging the

recalculation of his maximum expiration date.  (Resp. Ex. Z).  In a decision and

order dated May 2, 2008, petitioner's claim was dismissed.  (Resp. Ex. CC).

Petitioner appealed to the Appellate Division, Fourth Department, which

ultimately affirmed the decisions of the Supreme Court on February 6, 2009.

(Resp. Ex. HH).   Petitioner applied to the New York Court of Appeals for leave to

appeal, which leave was denied on May 7, 2009.  (Resp. Ex.'s II, KK).

Petitioner filed another Article 78 proceeding in Dutchess County Supreme

Court, again challenging the recalculation of his maximum expiration date.  (Resp.

Ex. LL).  The Supreme Court denied petitioner's claim on March 9, 2009.  (Resp.

Ex. MM).  Petitioner's appeal to the Appellate Division, Second Department, is

still pending.[5]  (Resp. Mem. of Law 12).

---

addition of three years to his sentence in *2002* when he filed this Article 78 proceeding to
challenge the alleged miscalculation.

[5] Although respondent argues both that this petition is untimely and that petitioner's
claims are unexhausted, this court need not address these additional issues since the petition is

III.   **Discussion**

A.   **Custody and Mootness**

Habeas corpus relief is available to a state prisoner if he is "in custody

pursuant to the judgment of a State court."  28 U.S.C. § 2254(a). Regardless of a

petitioner's subsequent release, it is within the jurisdiction of a federal court to

issue a writ of habeas corpus if the petitioner was "in custody" at the time his

application for relief was filed.  *Carafas v. LaVallee*, 391 U.S. 234, 237–38

(1968).

Subject matter jurisdiction, however, is limited by Article III, Section 2 of

the United States Constitution to cases that present a "case or controversy."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631–32

(2d Cir. 2003).  Even when the custody requirement is satisfied, the Court must

also determine whether Petitioner has satisfied the "case-or-controversy"

requirement.  If not, the petition is moot and the Court may not consider it.  *See*

*Spencer,* 523 U.S. at  7.  Habeas petitioners no longer in custody  must

demonstrate the existence of a "concrete and continuing injury" or some "

'collateral consequence' of the conviction" in order for a petition to be granted.

---

clearly moot.

6

*Id.* (quoting *Carafas*, 391 U .S. at 237–38).

The Supreme Court has stated that a challenge to the underlying conviction itself carries the presumption that a collateral, adverse consequences exists. *Spencer*, 523 U.S. at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'") (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)).  *See Evitts v. Lucey*, 469 U.S. 387, 391 n. 4 (1985) (habeas petition not moot despite the expiration of the petitioner's sentence and despite the fact that "his civil rights, including suffrage and the right to hold public office, [had been] restored" because  "respondent has not been pardoned and some collateral consequences of his conviction remain, including the possibility that the conviction would be used to impeach testimony he might give in a future proceeding. . . ."); *Benton v. Maryland*, 395 U.S. 784, 791 (1969) ("[B]oth of petitioner's convictions might some day be used to impeach his character if put in issue at a future trial.").  Additionally, the Supreme Court has "expressed its disapproval of requiring a citizen to suffer a legal disability based on a prior conviction before enlisting federal aid to attack the validity of that conviction." *Velez v. People of the State of New York*, 941 F. Supp. 300, 309 (E.D.N.Y. 1996) (quoting *Sibron*, 392 U.S. at 57).

A case is moot, and the court has no jurisdiction when the "parties lack a

7

legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Federal courts are without power to decide questions that cannot affect the rights of the parties in the case before the court.  *Bragger v. Trinity Capitol Enter. Corp.*, 30 F.3d 14, 16 (2d Cir. 1994).  The plaintiff or petitioner must have a "personal stake" in the litigation.  *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994).  A party must, at all stages of the litigation, have an "actual injury" that may be redressed by a favorable court decision.  *United States v. Williams*, 475 F.3d 468, 478–79 (2d Cir. 2007).  The court has an obligation to consider whether the action is moot.  *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999).

An exception to mootness occurs when the alleged violation is "capable of repetition, yet evading review."  *Id.  See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam)).  This exception only applies if the challenged action was too short in duration to be fully litigated prior to cessation of the action, and there is a reasonable expectation that the same individual would be subjected to the same action again.  *Id.*

## B.    Application

According to publicly available records maintained by DOCS and petitioner's Notice of Change of Address letter, petitioner's maximum expiration

8

of parole supervision expired on June 3, 2009, and his Sentence #3 expired on or about June 30, 2009.  *See* http://nysdocslookup.docs.state.ny.us; (Dkt. No. 7). Petitioner was released from custody on June 30, 2009.  This petition was filed on June 2, 2009.  Although petitioner satisfied the custody requirement when he filed his petition, his later release, coupled with the lack of collateral consequences[6], fail to satisfy the "case-or-controversy" component discussed above.  Petitioner is only challenging the recomputation of his sentence, not any underlying conviction.[7]  Because the only relief that the court could have given petitioner in this action was release from custody, there is no relief that the court could give him at this time.  Petitioner's claims are therefore moot. and his petition for habeas corpus relief must be denied and dismissed as moot.

**WHEREFORE,** based on the findings above, it is

---

[6] Petitioner alleges two types of what he calls "collateral consequences."  (*See* Traverse ¶ 11).  The first type are things that happened in the past, such as losing three years to apply for a "certificate of good conduct, three years credit held against [him] for housing, employment, etc." *Id.*  The second type are described as "the gap" between petitioner and his family, "especially [his] now estranged common law spouse."  *Id.*  Neither type are consequences contemplated by the caselaw given above, and the court finds petitioner's argument to be meritless.  *See, e.g., Carafas v. LaVallee*, 391 U.S. 234.

[7] There appear to have been some errors made in petitioner's case, one of which was in his favor.  Regardless of the errors and whether they would have risen to the level of a constitutional violation, the fact that the petition is moot means that the court may not proceed further with a consideration of whatever merits there may have been.  This includes a determination of whether the Parole Board's Policies and Procedures Manual was "properly promulgated."

**RECOMMENDED,** that the petition be **DENIED and DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 6, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge

10