UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH MAGUIRE,

                        **Petitioner,**                9:09-cv-632
                                                                     (GLS/ATB)

           **v.**

**MICHAEL CORCORAN,** Superintendent,
Cayuga Correctional Facility,

                        **Respondent.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PETITIONER:**
Keith Maguire
Pro Se
54 Cedar Lane
Rhinebeck, NY 12572-2404

**FOR THE RESPONDENT:**
HON. ERIC T. SCHNEIDERMAN      PAUL B. LYONS
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Pro se petitioner Keith Maguire filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging, inter alia, the addition of three years of parole supervision to the sentence resulting from his third conviction.  (*See* Pet., Dkt. No. 1.)  In a Report and Recommendation (R&R) filed May 6, 2010, Magistrate Judge Andrew T. Baxter recommended that Maguire's petition be denied.[1]  (Dkt. No. 18.)  Pending are Maguire's timely objections to the R&R.  (Dkt. No. 19.)  For the reasons that follow, the R&R is adopted, and Maguire's petition is denied and dismissed.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

recommendations of a magistrate judge for clear error. *See id.*

## III. Discussion[2]

### A. Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), where a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), a state-court decision is contrary to clearly established Supreme Court precedent if its "conclusion on a question of law is 'opposite' to that of the Supreme Court or if the state court decides a case differently than the Supreme Court 'on a set of materially indistinguishably facts.'" *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000).) A state-court

---

[2] The court incorporates the factual recitation contained in Judge Baxter's R&R. (*See* R&R at 2-4, Dkt. No. 18.)

3

decision involves an unreasonable application of clearly established Supreme Court precedent if "it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the [particular] case." *Williams*, 529 U.S. at 413.

Under AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed de novo. *See Washington v. Schriver*, 255 F.3d 45, 55 (2d Cir. 2001).

## B.     Maguire's Objections

Maguire challenges Judge Baxter's conclusion that his claims fail to satisfy the "case-or-controversy" component of subject matter jurisdiction because he challenges only the "recomputation of his sentence, not any underlying conviction." (*See* Objections at 1-2, Dkt. No. 19; R&R at 9, Dkt. No. 18.) Federal courts have jurisdiction only over those cases that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). Thus, a case is moot and should be dismissed "when the issues presented are no longer

4

'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks and citation omitted). Additionally, for a habeas corpus petition to continue after the petitioner is released from custody, he must present a "concrete and continuing injury ... [that is a] 'collateral consequence' of the conviction." *Spencer*, 523 U.S. at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

Maguire identifies two categories of harm he is alleged to have suffered as a result of his imprisonment: first, past injuries, including loss of a job opportunity, loss of three years to apply for a certificate of good conduct, and loss of housing opportunities; and second, injuries to personal relationships, including loss of the opportunity to care for his sick father and attend his funeral, estrangement from his common law spouse, and loss of his pet. (*See* Objections at 2, Dkt. No. 19.) Here, the only remedy for the alleged violation is release from prison. However, as the record demonstrates, Maguire was released from state prison on June 30, 2009. (*See* R&R at 9, Dkt. No. 18; Statement in Supp. of Pet. at 8, Dkt. No. 1; Notice of Change of Address letter, Dkt. No. 7.) Thus, given Maguire's release, there is no further relief available to him, and his petition must be

5

denied and dismissed.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report and Recommendation (Dkt. No. 18) is **ADOPTED** and Maguire's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that the court **DECLINES** to issue a certificate of appealability because Maguire has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 28, 2011
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge